Thurman, J.
If the general assembly can confer upon this court the power to grant an injunction, in a case pending in a court of common pleas, there would seem to be no reasonable-doubt that it is conferred by section 239 of the code. But if we can not be invested with such a power, that section should receive a different construction. We have-therefore considered, *433 whether, under the constitution, we can receive a grant of this jurisdiction, and are unanimously of opinion that we can not. That we can allow an injunction, in a case pending in this court,, upon an appeal, is very clear.. An injunction may be the very object of the suit—the final decree sought—and so a provisional injunction, during the pendency of the suit, may be necessary for the purposes of justice. The power to allow these, is a part of the appellate jurisdiction, the grant of which is authorized by the constitution, and has been made by the law. But to allow an injunction in a case pending in another court, would be an exercise of original, and not of appellate jurisdiction. Now, the original jurisdiction conferred upon this court, by the constitution, is limited to quo warranto, mandamus, hateas corpus, and procedendo» Art. 4, sec. 2. This is the only orignal jurisdiction granted *by that instrument, and it would bo wholly inconsistent with, and, in a great measure, destructive of, the judicial system it. ordains, to suppose that this original jurisdiction can be enlarged by law. It is true, there is no express prohibition against it; but none was necessary. We can 'exercise only such powers as the constitution itself confers, or authorizes the legislature to grant. We can derive no power elsewhere. It follows, that to negative the existence of a power, it is not necessary to show that it is fin-bidden by the constitution. It is sufficient that that instrument, neither directly nor indirectly, confers it. Now, as before said, the only original jurisdiction granted to us by the constitution, is that above mentioned ; and the only jurisdiction that the legislature is-authorized to confer upon us, as a court, is appellate jurisdiction. For it can not be supposed that, by the general grant of legislative power, in article 2 of the constitution, the legislative authority, to confer powers upon courts is extended beyond the authority vested in the assembly, by the fourth or judicial article. It was for these reasons that it was expressly decided, in the ease of the Logan Bank, 1 Ohio St. 435, that the original jurisdiction of this court is limited to the four writs named in the constitution. That decision is fatal to the present application.
We decide nothing, as to what powers may be conferred upon a single judge, under section 18 of the judicial article, which provides, “that the several judges of the Supreme Court, of the common pleas, and such other courts as may be created, shall, respectively, have and exercise such power and jurisdiction, at chambers *434 or otherwise, as may be directed by law.” It is the opinion of some that, by virtue of this section, a single judge of this court may be authorized to grant an application like the present. Others deny that it could have been intended to permit a single judge to do what the court itself can not. As the question is not before us, we express no opinion upon it; but it may not be improper to add that, were it before us, it is not probable we would be unanimous.

Motion refused.